UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSSEIN TAZANGI AND FARIBA FAROUGHI,<br>Plaintiffs,<br>vs.<br>ZUHAIR QUERESHI, PHANTOMSKINZ OZ, INC., AND PHANTOMSKINZ CHICAGO, LLC<br>Defendants. | DOCKET NO. 1:12-cv-09570<br><br>MOTION FOR ENTRY OF JUDGMENT AND FOR ASSESSMENT OF DAMAGES |

Now come the Plaintiffs in the above entitled matter and the said Plaintiffs hereby move this Honorable Court for the entry of Judgment jointly and severally against the Defendant, Zuhair Quereshi, Phantomskinz Oz, Inc., and Phantomskinz Chicago, LLC in the amount of $23,895.62 plus prejudgment interest.

In support of this motion please see the Affidavits and Hossein Tazangi and Fariba Faroughi attached hereto as **Exhibit 1**. Please also request the damages be tripled as allowed by law and that the Plaintiffs be awarded their legal fees. In connection therewith please see Affidavit of Robert D. Loventhal Esq. attached hereto as **Exhibit 2**.

Dated: 4/11/13

The Plaintiffs, HOSSEIN TAZANGI
and FARIBA FAROUGHI,
By their Attorney,

_/s/ Robert D. Loventhal_
ROBERT D. LOVENTHAL, ESQ.
BBO NO. 305940
21 CUSTOM HOUSE STREET
SUITE 210
BOSTON, MA 02110
(617) 723-2222 PH
(617) 723-9811 FX
Email: RDLLAW99@aol.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**EXHIBIT 1**

| | |
|---|---|
| HOSSEIN TAZANGI AND FARIBA FAROUGHI, Plaintiffs, vs. ZUHAIR QUERESHI, PHANTOMSKINZ OZ, INC., AND PHANTOMSKINZ CHICAGO, LLC Defendants. | DOCKET NO. 1:12-CV-09570 AFFIDAVIT OF HOSSEIN TAZANGI AND FARIBA FAROUGHI |

1. The Plaintiffs, Hossein Tazangi and Fariba Faroughi (hereinafter "Plaintiffs"), are individuals with a principal residence in DesPlaines, Illinois.

2. The Defendant, Zuhair Quereshi (hereinafter "Quereshi") is an individual with a principal place of business in Elk Grove Village, Illinois.

3. The Defendant, Phantomskinz Chicago, LLC (hereinafter "Chicago") is a domestic limited liability company with a principle place of business in Schaumberg, Illinois, and whose agent, P. Michael Loftus, has an address of 53 W. Jackson Blvd., #1142, Chicago, Illinois.

4. The Defendant, Phantomskinz OZ, Inc. (hereinafter "OZ") is a domestic corporation with a principal place of business c/o Zuhair Quereshi, 723 Arizona Pass, Elk Grove Village, Illinois.

5. At all times material to this action the Defendants, OZ and Chicago, were engaged in the business of selling cell phone protective casings at retail.

6. At all times material to this action the Defendant, Quereshi, was the authorized agent of the Defendants, OZ and Chicago and had the authority to speak and act on behalf of said Defendants, OZ and Chicago.

7. Just prior to October 10, 2011 the Defendants solicited the investment of the Plaintiffs in OZ, an Illinois corporation, which according to Defendant, Quereshi, had acquired the rights to sub distribute cell phone protective casings pursuant to a re-seller agreement with the Defendant, Chicago.

8. In connection therewith Quereshi, on behalf of himself, OZ and Chicago represented to the Plaintiffs that if Plaintiffs invested $15,000.00 in OZ that Plaintiffs would purchase a 20% equity interest in OZ. Quereshi, on behalf of himself, OZ and Chicago, further represented to Plaintiffs that their investment would be used to open up 4 kiosks within 4 different malls in the Chicagoland area. Quereshi, further, on behalf of himself, OZ and Chicago, then further represented to Plaintiffs that OZ would be operated in a business like manner with all proper accounting rules and regulations followed and that Plaintiffs would be entitled to 20% of the profits obtained from the operation of the kiosks and further, that Plaintiffs could expect profits

to be paid.

9. Plaintiffs relied on the representations of Quereshi as described in ¶ 10 of this Complaint and paid to Quereshi the sum of $15,000.00 which they expected to be deposited into OZ in the ordinary course of business. Quereshi, however, deposited said $15,000.00 sum into his personal account. See **Exhibit 1** attached hereto.

10. In connection with the investment described in ¶¶ 10 and 11 above the Plaintiffs and Quereshi executed a Partnership and Shareholder Agreement with Quereshi which agreement purports to describe the shareholdings and rights of the parties as shareholders of OZ. See **Exhibit 2** attached hereto.

11. In connection with the Plaintiffs' investment the Defendants did not comply with the disclosure requirements of the United States Securities Laws. For example, Plaintiffs were not provided with a Private Placement Memorandum as required by law.

12. Further, the representations made by Quereshi on behalf of himself, OZ and Chicago to induce Plaintiffs investment, were knowingly false. These representations included the following:

   a. that Quereshi had the right and authority to sell shares in OZ;

   b. that OZ had an enforceable re-seller agreement with Chicago as of the time of Plaintiffs' investment; (see **Exhibit 3**, attached hereto);

   c. that Plaintiffs' investment would be deposited into OZ's account;

   d. that OZ was guaranteed to be profitable; and that

   e. Plaintiffs would be provided with a business plan for the operation of OZ.

Further, Defendants failed to disclose material information to Plaintiffs concerning the identity of other investors in OZ including investors who had economic interests in Chicago.

13. When making the representations stated in ¶ 14 above Quereshi was acting for himself and for OZ. At all times material to this action Chicago knew that Quereshi was making false representation to Plaintiffs and Chicago ratified same and received consideration from Quereshi directly as a result of Plaintiffs' investment:

14. OZ opened kiosks in the following malls in the Chicagoland area: Gurnee Mills, Stratford, Spring Hill and Cherry Vale. Said kiosks were under funded, poorly staffed and staffed with poorly trained employees. OZ failed to pay required rent and common area charges to all of the mall owners and failed to pay bills to other suppliers and sat idly by as sales declined. All of said kiosks were closed prior to the writing of this Complaint. Plaintiffs were never provided with accountings of the operation of the 4 kiosks as promised and Plaintiffs were never paid any profits on the operation of the kiosks. Further, Quereshi engineered a theft of the inventory of the 4 kiosks before said kiosks discontinued operation.

15. The Plaintiffs have suffered economic damage in the principal amount of $15,000.00 plus interest, costs and attorneys' fees which costs and attorneys' fees are described in Mr. Loventhal's Affidavit filed herewith.

Dated: 4/10/13

_____
HOSSEIN TAZANGI

_____
FARIBA FAROUGHI

STATE OF ILLINOIS

On this **11** day of April, 2013, before me, the undersigned Notary Public, personally appeared Hossein Tazangi who proved to me through satisfactory evidence of identification, which was a Illinois Driver's License, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

OFFICIAL SEAL
BRENT D GRIFFIN
Notary Public - State of Illinois
My Commission Expires Apr 3, 2016

_____
Brent D. Griffin : Printed Name
NOTARY PUBLIC
MY COMMISSION EXPIRES: April 3, 2016

STATE OF ILLINOIS

On this **11** day of April, 2013, before me, the undersigned Notary Public, personally appeared Fariba Faroughi who proved to me through satisfactory evidence of identification, which was a Illinois Driver's License, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

OFFICIAL SEAL
BRENT D GRIFFIN
Notary Public - State of Illinois
My Commission Expires Apr 3, 2016

_____
Brent D. Griffin : Printed Name
NOTARY PUBLIC
MY COMMISSION EXPIRES: April 3, 2016

3

                                                                                           **EXHIBIT 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSSEIN TAZANGI AND FARIBA FAROUGHI,<br>Plaintiffs,<br>vs.<br>ZUHAIR QUERESHI, PHANTOMSKINZ OZ, INC., AND PHANTOMSKINZ CHICAGO, LLC<br>Defendants. | DOCKET NO. 1:12-CV-09570<br><br>AFFIDAVIT OF<br>ROBERT D. LOVENTHAL |

I, Robert D. Loventhal, being duly sworn, do depose on my oath and state as follows:

1. My name is Robert D. Loventhal.

2. I was admitted to the Massachusetts Bar in December of 1974. I have been continuously practicing law including commercial and securities litigation since that date.

3. I am counsel to the Plaintiffs this matter.

4. My time expended on this matter from the beginning in October of 2012 through the date of this affidavit is as follows:

   a. initial meetings and review of documents with clients            -   4.00 hrs.
   b. organization of file including review of legal status of Defendants -  2.00 hrs.
   c. preparation of Plaintiffs' complaint and filing documents         -   3.00 hrs.
   d. legal research on securities and trade regulation issues          -   3.75 hrs.
   e. filing of Plaintiffs' complaint and accomplishment of service     -   2.25 hrs.
   f. further discussions with clients                                  -   1.25 hrs.
   g. obtain defaults                                                   -   2.25 hrs.
   h. conference with court and preparation for same in April, 2013     -   1.00 hr.
   i. work on motion to default Defendants                              -   2.00 hrs.
   j. work on motion to enter judgment and assess damages               -   2.75 hrs.

   TOTAL HOURS                                                          -  24.25 hrs.

5. My normal hourly rate at this time is $350.00.

6. I believe that the assessment of legal fees in the amount of $8,487.50 is fair and reasonable in this case.

7. I have expended the following costs:

| Date | | Postage | | Filing fee | Total |
|---|---|---|---|---|---|
| US District Ct Northern Illinois - Filing fee | 11/26/2012 | 1.9 | | 350 | |
| Phantomskinz Oz with Summons | 1/8/2013 | 7 | CM RRR | | |
| Zuhair Quereshi with Summons etc. | 1/8/2013 | 7 | " | | |
| Phantomskinz Chicago, LLC | 1/8/2013 | 7 | " | | |
| Phantomskinz Oz | 1/16/2013 | 6.11 | " | | |
| Zuhair Quereshi | 1/16/2013 | 6.11 | " | | |
| Phantomskinz Chicago, LLC | 1/16/2013 | 6.11 | " | | |
| Phantomskinz Oz, Inc. | 3/25/2013 | 6.11 | " | | |
| Zuhair Quereshi | 3/25/2013 | 6.11 | " | | |
| Phantomskinz Chicago, LLC | 3/25/2013 | 6.11 | " | | |
| US District Ct North Ill- with check | 4/1/2013 | 0.47 | | | |
| Total | | 58.12 | | 350 | 408.12 |

TOTAL LEGAL FEES AND COSTS                     $8,895.62

Dated: 4/11/13

_____
ROBERT D. LOVENTHAL

COMMONWEALTH OF MASSACHUSETTS

On this __11th__ day of April, 2013, before me, the undersigned Notary Public, personally appeared Robert D. Loventhal, Esq., proved to me through satisfactory evidence of identification, which was a Rhode Island Driver's License, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
MARY F. TENGSTRAND
NOTARY PUBLIC
MY COMMISSION EXPIRES: 5/16/2019

[Notary Seal: MARY F. TENGSTRAND, Notary Public, Commonwealth of Massachusetts, My Comm. Expires May 16, 2019]

## Certificate of Service

I, Robert D. Loventhal, Esq., in the above entitled matter, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the following on this 11th day of April, 2013:

1. Zuhair Quereshi, 723 Arizona Pass, Elk Grove Village, Illinois 60007-2803 – Certified Mail No. 7011 1570 0001 2182 6240 Return Receipt Requested;
2. Phantomskinz Oz, Inc., *c/o* Zuhair Quereshi, 723 Arizona Pass, Elk Grove Village, Illinois 6007-2803 – Certified Mail No. 7011 1570 0001 2182 6257; and
3. Phantomskinz Chicago LLC, *c/o* P. Michael Loftus, 53 W. Jackson Blvd, #1142, Chicago, IL 60604-3619 – Certified Mail No. 7011 1570 0001 2182 6264

Dated: __April 11, 2013__　　　　　　　　　　/s/ Robert D. Loventhal
　　　　　　　　　　　　　　　　　　　　　　ROBERT D. LOVENTHAL, ESQ.